**Jeffrey C. Brinkerhoff**
**Wyoming State Bar No. 5-2276**
**Gifford & Brinkerhoff**
**A Partnership of Professional Corporations**
**243 South Park Street**
**P.O. Box 2508**
**Casper, Wyoming 82602**
**307-265-3265 \ 307-265-3266 fax**
**jeff@giffordbrinkerhoff.com**

**David A. Baugh (Admitted *Pro Hac Vice)***
**Illinois State Bar No. 6182391**
**Baugh, Dalton, Carlson & Ryan, LLC**
**55 W. Monroe Street, Suite 600**
**Chicago, Illinois 60603**
**312-759-1400 \ 312-759-0402 fax**
**dbaugh@baughdaltonlaw.com**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **RUSSELL C. FIELDGROVE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No. 10CV0104** |
| **v.** | ) | |
| | ) | |
| **DENNIS R. LAWRENCE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**MEMORANDUM OF LAW OF DEFENDANT DENNIS R. LAWRENCE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

# TABLE OF CONTENTS

Table of Contents .......... ii

Table of Authorities .......... iii

Memorandum in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint .......... 1

I. Introduction .......... 1

II. Factual Background .......... 2

III. Standard of Review .......... 2

IV. Argument .......... 3

A. Plaintiffs Have Failed to State a Claim for Violation of 15 U.S.C. § 785 or C.F.R. § 240.10(b)-5 .......... 3

B. Plaintiffs Have Failed to State a Claim for Fraud Pursuant to Federal Rule 9(b) .......... 4

C. Plaintiffs Claims for Professional Negligence And Negligence Against Dennis Lawrence Are Time-Barred .......... 5

D. Plaintiffs Have Failed to Plead a Claim For Negligence Against Lawrence .......... 6

Conclusion .......... 7

Certificate of Service .......... 8

## TABLE OF AUTHORITIES

CASES CITED

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) ....................................................2

*Birt v. Wells Fargo Home Mortgage, Inc.*, 75 P. 3d 640 (Wy S. Ct. 2003)................................5

*Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1967)....................................................................4

*Koch v. Koch Industries, Inc.*, 203 F. 3d 1202 (10th Cir. 2000) .................................................5

*Phillips v. Bell*, 2010 WL 517629 (10th Cir. Colo.) ..............................................................3

*Southland Securities Corporation v. Inspire Insurance Solutions*, 365 F. 3d 353 (5th Cir. 2004) ..........................................................................................................................4

*Stoneridge Investment Partners, LLC. v. Scientific-Atlanta*, Inc., 552 U.S. 148 (2008).............3

*Telelabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) .........................................3

STATUTES

15 U.S.C. § 78j(b)..........................................................................................................1, 3, 4, 5

Wy Stat. §-3-107............................................................................................................6

RULES

Fed. R. Civ. P. 8(a) ........................................................................................................1, 7

Fed. R. Civ. P. 9(b) ........................................................................................................1, 5

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 2

17 C.F.R. § 240.10(b)-5 ..................................................................................................1, 3, 4

Defendant Dennis R. Lawrence ("Lawrence"), by and through his counsel, respectfully submits this memorandum of law in support of his Motion to Dismiss Plaintiffs' Amended Complaint ("Complaint"). As more fully set forth below, and, in accordance with the Order dated August 11, 2010 (Docket No. 32) and Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") Defendant Dennis Lawrence ("Lawrence") respectfully moves this court to dismiss Plaintiffs' Amended Complaint in its entirety as these Plaintiffs have failed to state a claim upon which relief may be granted. The Complaint fails to plead any facts sufficient to state a claim pursuant to Rules 8(a), 9(b) and 12(b)(6). In support thereof Lawrence states as follows:

## I. INTRODUCTION

Plaintiffs, Russell C. Fieldgrove; Mary Jane Fieldgrove; and Cecil H. Fieldgrove Trust, Cecil H. Fieldgrove Trustee, (collectively referred to herein as "Plaintiffs"), filed their Amended Complaint on August 5, 2010. Plaintiffs allege the following causes of action against Defendant Dennis Lawrence: Count I) Violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10(b)-5; Count V) Professional Negligence; Count VII) Fraud; Count VIII) Conspiracy; and Count IX) Negligence.

Lawrence files this Motion to Dismiss based upon Plaintiffs' failure to adequately allege the elements necessary to state a claim upon which relief can be granted against Lawrence with respect to Counts I, V, VII, VIII and IX. For the reasons set forth below Lawrence respectfully requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice, and for such other and further relief as this Court deems reasonable and just.

## II. FACTUAL BACKGROUND

Plaintiffs allege that in December 2006, Russell and Mary Jane Fieldgrove purchased $450,000 in Striker Debenture LLC Series B Debentures and an MP IV Promissory Note for $150,000. (Complaint, ¶46). Plaintiffs also allege that on December 21, 2006 the C. Fieldgrove Trust purchased $400,000 in Striker Series B Debentures and an MP IV Promissory Note for $200,000. (Complaint, ¶47). Finally, Plaintiffs also allege that on June 22, 2007, the C. Fieldgrove Trust purchased additional interest of $90,000 in Striker B Debentures. (Complaint, ¶47). Plaintiffs allege that Dennis Lawrence ("Lawrence") and Randall Pope ("Pope") sold these investments to Plaintiffs through a number of misstatements and omissions. (Complaint, ¶¶52, 56, 58 and 74). Plaintiffs allege that based upon these misrepresentations, Lawrence is liable for any damages resulting from the investment losses Plaintiffs have suffered on these investments. (Complaint ¶¶ 17, 146, 154 and 168). Accepting all of the alleged facts as true, the Complaint utterly fails to set out fair notice of legal liability of Lawrence, individually. Instead, Plaintiffs' Complaint groups Defendants together and fails to delineate which Defendant made certain representations to Plaintiffs. Plaintiffs allege that Lawrence is responsible for all of their investment losses (Complaint, Prayer for Relief). Plaintiffs have failed to allege any scienter or intent to deceive by Lawrence. Finally, certain of Plaintiffs' claims are barred by the statute of limitations, and fail to set forth claims upon which any relief may be granted.

## III. STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of a Complaint for "failure to state a claim upon which relief can be granted." Fed. Rule Civ. P. 12(b)(6). Pursuant to *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must allege, "more than labels and conclusions, and formulate the elements of a cause of action…" The alleged facts must "raise a

right to relief above the speculative level." *Id.* The Tenth Circuit has embraced and interpreted the standard set forth in *Twombly*:

> Following *Twombly*, we determined that 'plausability,' as used by the Supreme Court referred to the scope of allegations in a complaint, and 'if they are so general that they encompass a wide swath of conduct, and much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.'

*Phillips v. Bell*, 2010 WL 517629 (10th Cir. Colo.) citing *Robbins v. Oklahoma*, 519 F. 3d 1242, 1246 (10th Cir. 2008). For the reasons set forth below, Plaintiffs' Complaint does not allege any clear set of plausible facts upon which relief can be granted, or any reasonably cognizable claim against Lawrence and, therefore, Lawrence requests that the Complaint be dismissed with prejudice.

## IV. ARGUMENT

### A. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR VIOLATION OF 15 USC § 78j OR 17 C.F.R. 240.10(b)-5

Plaintiffs have failed to establish the elements necessary to adequately plead a claim for securities fraud against Dennis Lawrence. The elements necessary in a private 10(b)-5 action are (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008).

To state a claim for securities fraud under Section 10(b) of the Securities Exchange Act and SEC Rule 10(b)-5, the Private Securities Litigation Reform Act ("PSLRA") requires that a plaintiff must plead a strong inference of scienter. *Telelabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2504-2505(2007). Scienter has been defined by the courts to

mean, "a mental state embracing intent to deceive, manipulate or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S. Ct. 1375, 1381(1976).

Plaintiffs have not alleged any facts which state that Dennis Lawrence acted with the requisite scienter to adequately plead securities fraud against Lawrence. Plaintiffs have failed to plead the requisite scienter by Lawrence to establish a claim under Section 10(b) or Rule 10b-5. For example, in Paragraph 89 of the Complaint, Plaintiffs state that Pope and Lawrence made several representations to Plaintiff relating to the anticipated returns of the Striker and MP IV notes. This allegation fails both to identify any scienter by Lawrence, and additionally does not contain the requisite specificity of the misrepresentations made by Lawrence to establish a claim for securities fraud pursuant to Rule 10(b)-5. Such allegations are not enough to plead a cause of action pursuant to 15 USC § 78j or 17 C.F.R. 240.10(b)-5 against Lawrence.

Further, "the PSLRA requires plaintiffs to distinguish among those they sue and enlighten each defendant as to his or her particular part in the alleged fraud." *Southland Securities Corporation v. Inspire Insurance Solutions*, 365 F. 3d 353, 365 (5th Cir. 2004). Plaintiffs, instead, group Defendants' alleged misrepresentations and participation together. For example, in Paragraph 52 of the Complaint, Plaintiffs allege, at the December 15, 2006 meeting, "Pope and/or Lawrence made to the Fieldgroves the following material misrepresentations of fact": Plaintiffs then attribute a number of representations to Lawrence and Pope. (Complaint, ¶ 52). Such allegations are insufficient to put Lawrence on notice of the claims against him and do not plead the requisite level of scienter which can be attributed to Lawrence. As such, the Complaint fails to state a valid cause of action pursuant to Rule 10(b) and Rule 10(b)-5 and Plaintiffs' claim for violation of Section 10(b) or Rule 10(b)-5 should be dismissed.

**B. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR FRAUD PURSUANT TO FEDERAL RULE 9(B)**

Plaintiffs have failed to adequately state a claim for fraud against Lawrence, pursuant to the Federal Rules of Civil Procedure Rule 9(b). Rule 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FRCP 9(b). The Tenth Circuit requires, "a complaint alleging fraud to set forth the time, place and contents of the false misrepresentation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F. 3d 1202, 1236 (10th Cir. 2000).

The elements of fraud are: 1) the defendant made a false representation intended to induce action by the plaintiff; 2) the plaintiff reasonably believed the representation to be true; and 3) the plaintiff relied on the false representation and suffered damages. *Birt v. Wells Fargo Home Mortgage, Inc.*, 75 P. 3d 640, 656 (Wy. S. Ct. 2003).

As stated above, Plaintiffs have failed to state the alleged misrepresentations of Lawrence with particularity. In several paragraphs of the Complaint, instead of listing Lawrence's misrepresentations, Plaintiffs simply allege that Lawrence reiterated statements of other Defendants or that Lawrence and/or Pope made misrepresentations, and that Plaintiffs relied upon these statements. (Complaint, ¶¶ 153 and 154). Plaintiffs have impermissibly lumped Lawrence's actions and alleged misrepresentations in with those of Pope and have failed to identify what fraudulent misrepresentation, if any, Lawrence made with respect to the securities at issue. Accordingly, Plaintiffs have failed to adequately plead a claim of fraud and Count VII of the Complaint against Lawrence should be dismissed.

**C. PLAINTIFFS' CLAIMS FOR PROFESSIONAL NEGLIGENCE AND NEGLIGENCE AGAINST DENNIS LAWRENCE ARE TIME-BARRED**

Plaintiffs' claims for professional negligence and negligence relating to all of the investments at issue are barred by the applicable statute of limitations. The statute of limitations applicable to a claim for professional negligence and negligence against Lawrence is Wy. Stat. § 1-3-107. According to this statute:

> (a) a cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:
>
> (1) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
>
> (A) Not reasonably discoverable within the two (2) year period; or
>
> (B) That the claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

Plaintiffs have not set forth any allegations of fact which would establish that Plaintiffs were unable to discover the nature of their investments within the two year window from the date of purchase of the last investment in June 2007 until June 2009. Accordingly, Plaintiffs' claims for negligence and professional negligence are stale and fall outside the time period during which Plaintiffs may assert such claims. Therefore, Lawrence respectfully requests that Plaintiffs' claims for professional negligence and negligence be dismissed.

**D. PLAINTIFFS HAVE FAILED TO PLEAD A CLAIM FOR NEGLIGENCE AGAINST LAWRENCE**

Plaintiffs' Ninth claim for relief seeks recovery under a theory of negligence. The four elements of negligence are, "(1) the defendant owed the plaintiff a duty to conform to a specified standard of care; (2) the defendant breached the duty of care; (3) the defendant breached that duty of care proximately causing injury to the plaintiff; and (4) the injuries sustained by the

plaintiff is compensable by money damages." *Birt v. Wells Fargo Home Mortgage, Inc.*, 75 P.3d 640, 658 (WY. S.Ct. 2003). Count Nine of Plaintiffs' Complaint is utterly devoid of the facts that Plaintiffs allege compose their claim for negligence against Lawrence. (Complaint, ¶¶ 164-168). Plaintiffs have failed to identify the duty owed by any of the Defendants in Plaintiffs claim for negligence, how each Defendant breached that duty of care and how such alleged breach caused the injury to Plaintiff. Accordingly, even under the less stringent standard of Federal Rule of Civil Procedure 8(a), Plaintiffs have failed to plead a claim for negligence. Accordingly, Lawrence respectfully requests that this Court dismiss Plaintiffs claim for negligence.

## V. CONCLUSION

Simply stated, Plaintiffs have failed to allege any facts which support any viable cause of action against Lawrence. Accordingly, for the foregoing reasons, Lawrence respectfully requests that this Court dismiss with prejudice Plaintiffs' Complaint in its entirety, and for such other and further relief as is equitable, reasonable and just.

Dated this **24th** day of **August, 2010**.

Respectfully Submitted,

s/ Jeffrey C. Brinkerhoff

Jeffrey C. Brinkerhoff
Wyoming State Bar No. 5-2276
Gifford & Brinkerhoff
243 South Park Street/P.O. Box 2508
Casper, Wyoming 82602
307-265-3265 \ 307-265-3266 fax
jeff@giffordbrinkerhoff.com

David A. Baugh (*Pro Hac Vice)*
Illinois State Bar No. 6182391
Baugh, Dalton, Carlson &Ryan, LLC
55 W. Monroe Street, Suite 600
Chicago, Illinois 60603
312-759-1400 \ 312-759-0402 fax
dbaugh@baughdaltonlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **MEMORANDUM OF LAW OF DEFENDANT DENNIS R. LAWRENCE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** was served electronically via the Court's CM/ECF system to all parties of record on the **24th** day of **August, 2010**.

s/ ______________________________
Jeffrey C. Brinkerhoff